a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

BENJAMIN BRUCE (#106460),          CIVIL ACTION NO. 1:17-CV-100-P
Plaintiff

VERSUS                             CHIEF JUDGE DRELL

JIMMY LEBLANC, ET AL.,             MAGISTRATE JUDGE PEREZ-MONTES
Defendants

---

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Benjamin Bruce ("Bruce") (#106460). Bruce has been granted leave to proceed *in forma pauperis*. (Doc. 7). Bruce is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at Winn Correctional Center in Winnfield, Louisiana ("WCC"). Bruce names as defendants Jimmy LeBlanc, Keith Deville, Anna Boyd, and Debbie Weatherford. Bruce complains that he should not be housed at WCC. Bruce seeks a transfer to another facility and monetary damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## I.   Background

Bruce's original complaint is a copy of a hand-written "class action" complaint signed by Bruce and eight other inmates. (Doc. 1). The complaint is deficient because it is a "group" complaint and was not submitted on an approved form. In response to

a deficiency notice from the Court, Bruce submitted an individual complaint on the court-approved form. The individual complaint provides a completely different statement of Bruce's claim, unrelated to the allegations presented in the deficient complaint. (Doc. 4). Pursuant to a Court order, Bruce clarified that he wishes to proceed with only the claim made in his properly filed, individual complaint. (Doc. 9).

Bruce complains that he should not be housed at WCC because it is not a DOC facility. Bruce asks that he be transferred to another facility and provided monetary compensation. (Doc. 4).

## II.    Law and Analysis

### A.    Bruce's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Bruce is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Bruce's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Bruce's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A

complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

**B. <u>Bruce has no constitutional right to be housed at another facility.</u>**

Bruce complains that he is not being housed at a DOC facility, as specified in his criminal judgment. However, WCC is a state-owned correctional facility, operated by a private prison management company. <u>See Boyd v. Corr. Corp. of Am.</u>, 2014 BL 426788, 5 (W.D. La. Sept. 29, 2014); <u>Hicks v. Corr. Corp. of Am.</u>, No. 08-cv-0687, 2009 WL 2969768, at *1 (W.D. La. Sept. 11, 2009); http://doc.la.gov/contact/correctional-facilities/winn-correctional-center.

The Due Process Clause does not, by itself, give a prisoner a protected liberty interest in the location of his confinement even if the environment of one prison may be "much more disagreeable" to the prisoner than another. <u>See Meachum v. Fano</u>, 427 U.S. 215, 225 (1976). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." <u>McKune v. Lile</u>, 536 U.S. 24 (2002); <u>Yates v. Stalder</u>, 217 F.3d 332, 335 (5th Cir. 2000) (courts must afford high degree of deference "to prison authorities in the inordinately difficult task of running prisons").

A prisoner has no liberty interest in being housed in any particular facility where the state statute vests discretion to the state officials to carry out their official function. <u>See Olim v. Wakinekona</u>, 461 U.S. 238, 244-45 (1983); <u>Tighe v. Wall</u>, 100 F.3d 41, 42 (5th Cir. 1996); <u>Yates v. Stalder</u>, 217 F.3d 332 (5th Cir. 2000). "Under Louisiana law, state officials have discretion to place a state prisoner in any

3

institution, including parish prisons." Clark v. Foti, 50 F.3d 1032, 1995 WL 136127 (5th Cir. 1995) (citing La.Rev. Stat. § 15:824).

Therefore, Bruce has not alleged the violation of a constitutional right and is not entitled to relief.

## III.    Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Bruce's § 1983 complaint be DENIED and DISMISSED with prejudice, pursuant to §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __25th__

day of May, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge